**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Ronald Simmons, *on behalf of himself and others*
*similarly situated in the proposed FLSA*
*Collective Action,*

                                *Plaintiff,*

            - against -

Allied Universal Security Services, LLC, and Jean
Rene Germain,

                          *Defendants.*
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**<u>COMPLAINT</u>**

    Plaintiff Ronald Simmons ("Plaintiff" or "Simmons"), on behalf of himself and others

similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal

knowledge as to himself and upon information and belief as to others, brings this complaint

against Defendants Allied Universal Security Services, LLC, ("Allied Universal", or the

Corporate Defendant"), and Jean Rene Germain (the "Individual Defendant", and collectively

with the Corporate Defendant, the "Defendants") and states as follows:

<b>NATURE OF THE ACTION</b>

    1.    Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly

situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§

201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law

("NYLL") and their supporting New York State Department of Labor regulations.

    2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum

wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and

attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention

Act ("WTPA").

1

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF RONALD SIMMONS

6.      Plaintiff is a resident of New York, New York.

7.      Plaintiff was employed as a manual worker and security guard at Allied Universal from January 2014.

8.      Plaintiff was employed as a non-managerial employee for Defendants from January 2014.

9.      At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

### DEFENDANT ALLIED UNIVERSAL SECURITY SERVICES, LLC

10.     Upon information and belief, Defendant Allied Universal Security Services, LLC is a foreign corporation organized and existing under the laws of Pennsylvania.

11.     Upon information and belief, Defendant Allied Universal Security Services, LLC is licensed to do business in the State of New York, and at all relevant times here to, maintained

a principal place of business at 123 William Street, 7th Floor, New York, NY 10038, and alternate addresses at, *inter alia*: (i) 430 East 29th Street, New York, NY 10016; (ii) 450 East 29th Street, New York, NY 10016; (iii) 229 West 36th Street, 11th Floor New York, NY 10018; (iv) 42 Broadway, Suite 1827, New York, NY 10006; and (v) 9 Murray Street, 3rd Floor, New York, NY 10007.

12.     At all times relevant to this Complaint, Defendant Allied Universal Security Services, LLC (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13.     At all times relevant to this Complaint, Defendant Allied Universal Security Services, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14.     At all times relevant to this Complaint, Defendant Allied Universal Security Services, LLC was and is an employer within the meaning of the 29 U.S.C. 201 et seq. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT JEAN RENE GERMAIN**

15.     Defendant Jean Rene Germain is an individual engaging (or who have engaged) in business within this judicial district during the relevant time period.

16.     Defendant Jean Rene Germain is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

17.     Defendant Jean Rene Germain possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

18.     Defendant Jean Rene Germain determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

19.     At all times relevant to this Complaint, Defendant Jean Rene Germain has been and is an employer within the meaning of the 29 U.S.C. 201 et seq. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

20.     Defendants own, operate and/or control a security service company as "Allied Universal".

21.     The Individual Defendant possesses operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff and/or

4

similarly situated individuals.

26.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

27.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

28.     Plaintiff was an employee of Defendants.

29.     Plaintiff was employed as a manual worker and security guard at Allied Universal from January 2014.

30.     Plaintiff's work duties required neither discretion nor independent judgment.

31.     At all times relevant herein, Defendants paid Plaintiff at or around the prevailing minimum wage.

32.     Beginning on or around October or November, 2021, Plaintiff noticed some alarming discrepancies with his pay.

33.     Specifically, in certain weeks, Plaintiff was only paid for a fraction of the time he worked.

34.     For example, during the pay period of March 4, 2022, Plaintiff worked 32 hours, over five (5) days as follows:

   i.   Saturday, March 5, 2022: approximately 12:00 a.m. to 8:00 a.m. (*i.e.,* 8 hours);

   ii.  Sunday, March 6, 2022: approximately 7:30 p.m. to 12:00 a.m. (*i.e.,* 4.5 hours);

   iii. Tuesday, March 8, 2022: approximately 7:30 p.m. to 12:00 a.m. (*i.e.,* 4.5 hours);

   iv.  Wednesday, March 9, 2022: approximately 5:00 p.m. to 12:00 a.m. (*i.e.,* 7

hours);

v.     Friday, March 10, 2022: approximately 4:00 p.m. to 12:00 a.m. (*i.e.,* 8 hours).[1]

35.     Despite the fact that Plaintiff worked 32 hours during the pay period of March 4, 2022, Defendants only compensated Plaintiff for approximately 15 hours of work during this week.

36.      In another example, during the pay period of March 11, 2022, Plaintiff worked 57.67 hours, over seven (7) days as follows:

i.     Friday, March 11, 2022: approximately 12:00 a.m. to 8:00 a.m. (*i.e.,* 8 hours);

ii.     Friday, March 11, 2022: approximately 5:20 p.m. to 12:00 a.m. (*i.e.,*  6.67 hours);

iii.     Saturday, March 12, 2022: approximately 6:00 p.m. to 12:00 a.m. (*i.e.,* 6 hours);

iv.     Sunday, March 13, 2022: approximately 4:00 p.m. to 12:00 a.m. (*i.e.,* 8 hours);

v.     Monday, March 14, 2022: approximately 11:00 a.m. to 4:00 p.m. (*i.e.,* 5 hours);

vi.     Tuesday, March 15, 2022: approximately 8:00 a.m. to 4:00 p.m. (*i.e.,* 8 hours);

vii.     Wednesday, March 16, 2022: approximately 4:00 p.m. to 12:00 a.m. (*i.e.,* 8 hours);

viii.     Thursday, March 17, 2022: approximately 8:00 a.m. to 4:00 p.m. (*i.e.,* 8 hours);

37.     Despite the fact that Plaintiff worked 57.67 hours during the pay period of March 11, 2022, Defendants only compensated Plaintiff for approximately 15 hours of work during this week.

38.     These are only two (2) representative examples of Defendants' failure to pay Plaintiff lawful wages under the FLSA and NYLL.

---

[1] Plaintiff actually worked a sixteen (16) hour shift on Friday, March 10, 2022 as follows: 4:00 p.m. to, through and including, 8:00 a.m. of Saturday March 11, 2022. However, for purposes of this example, the pay period of March 4, 2022 ends on March 10, 2022 at 12:00 a.m. Thus, during this pay period, Plaintiff should have been paid for eight (8) hours of work for his shift on Friday, March 10, 2022.

39.     Defendants failure to pay their manual workers and security guards, including Plaintiff, lawful wages were not isolated occurrences.

40.     Based on Plaintiff's personal observations and direct conversations with his co-workers employed by Defendants, other manual workers and security guards suffered from Defendants' common policy of failing to pay proper wages for all hours worked.

41.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

42.     Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

43.     Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

44.     At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

45.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

46.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

47.     Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

48.     At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to general workers and delivery persons) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

50.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

51.     The First and Second Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

52.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

53.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

54.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

55.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

56.     Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

57.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

58.     At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

59.     Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

60.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

61.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

62.     Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of

themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

63.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

64.     Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

65.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

66.     Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

67.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

68.     Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

69.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the

minimum wage, for all hours they worked in excess of forty.

70.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

71.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

72.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

73.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

74.     Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

75.     By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

76.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

77.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth

herein.

78.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

79.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

80.    Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

**SEVENTH CLAIM**
**(Violation of the Wage Statement Provisions of the NYLL)**

81.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

82.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

83.    As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (Failure to Pay Timely Wages)

84.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

85.    NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

86.    As described above, throughout their employment with Defendants, Plaintiffs were underpaid their wages each week.

87.    As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.    authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.    certification of this case as a collective action pursuant to the FLSA;

c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by

13

filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.      declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.      declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.      declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g.      declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h.      declaring that Defendant violated the timely pay provisions of the NYLL;

i.      awarding Plaintiff unpaid minimum wages;

j.      awarding Plaintiff unpaid overtime wages;

k.      awarding Plaintiff unpaid spread-of-hours pay;

l.      awarding unpaid wages under New York State law for failure to pay timely wages;

m.      awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

n.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

o.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

p.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

q.      Such other relief as this Court deems just and proper.


Dated: New York, New York
       May 2, 2022                           Respectfully submitted,



                                       By:  /s/ Joshua Levin-Epstein
                                            Joshua Levin-Epstein
                                            Jason Mizrahi
                                            Levin-Epstein & Associates, P.C.

14

60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiff and proposed FLSA*
*Collection Action Plaintiff*